Filed 5/6/25  Youngsma v. City of Cypress CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| BOB R. YOUNGSMA et al., | |
| Plaintiffs and Appellants, | G063736 |
| v. | (Super. Ct. No. 30-2021-01220176) |
| CITY OF CYPRESS, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge. Affirmed.

Geurts Law Firm and Phillip R. Geurts for Plaintiffs and Appellants.

Aleshire & Wynder, Fred Galante, Michael R. Linden, Michael C. Huston and Erika D. Green for Defendant and Respondent.

\* \* \*

Appellants are homeowners who claim the City of Cypress created and maintained a nuisance near their properties. The trial court granted the City's motion for judgment on the pleadings, without leave to amend, concluding the complaint did not state causes of action for inverse condemnation or public nuisance, the two causes of action alleged against the City. Appellants contend this was error. We disagree and affirm the judgment.

STATEMENT OF FACTS

Appellants sued the City for inverse condemnation and public nuisance. They contend the construction of a vehicle maintenance and repair facility on property near their homes, property which was previously used as an elementary school, caused them significant harm including loss of value to their homes and interference with the comfortable use and enjoyment of their properties.

Appellants alleged in the second amended complaint the Cypress School District, a separate entity, "owns, runs, and exclusively controls, manages, and supervises" the property in question. In 2011, the District closed the elementary school located on the property. In 2018, the City and the District agreed to work on a "Facilities Maintenance Plan" aimed at improving various school sites. Sometime after this, a vehicle maintenance and repair facility was built on the property "without public hearings or approval of Cypress City Council or any other Cypress City agencies." The City never approved or authorized the District to use the property as a vehicle maintenance and repair facility.

Appellants requested the City review the District's plans, but the City did not do so. As alleged, the City never "made any decision regarding [the District's] land use."

2

In 2021, Appellants filed an administrative claim with the City seeking damages and other remedies for inverse condemnation and public nuisance. The City did not respond within the time allowed by law and the claim was considered denied. Appellants proceeded to file their complaint against the District and the City.

## DISCUSSION

"'A judgment on the pleadings in favor of the defendant is appropriate when the complaint fails to allege facts sufficient to state a cause of action. [Citation.] A motion for judgment on the pleadings is equivalent to a demurrer and is governed by the same de novo standard of review.' [Citation.] 'All properly pleaded, material facts are deemed true, but not contentions, deductions or conclusions of fact or law . . . .'" (*People ex rel. Harris v. Pac Anchor Transportation, Inc.* (2014) 59 Cal.4th 772, 777.)

We discuss each cause of action in turn.

## I.

### APPELLANTS' COMPLAINT DOES NOT STATE

### A CAUSE OF ACTION FOR INVERSE CONDEMNATION

Appellants contend their complaint alleges a cause of action for inverse condemnation against the City because the City "knew of [the District's] acts" and, considering this knowledge, owed them a duty "to either halt the inverse condemnation or provide compensation." We disagree.

"Under article I, section 19 of the California Constitution [citation], a public entity must pay the owner just compensation when it takes or damages private property for public use." (*City of Oroville v. Superior Court* (2019) 7 Cal.5th 1091, 1102.) In inverse condemnation actions, ""the property owner must first clear the hurdle of establishing that the public entity has, in fact, taken [or damaged] his or her property'" before

3

the issue of just compensation comes into play." (*Weiss v. People ex rel. Department of Transportation* (2020) 9 Cal.5th 840, 853.) Appellants have not cleared this hurdle.

There are no allegations in the complaint that the City damaged Appellants' property. Instead, Appellants' complaint alleges the District acted on its own. For example, they allege the District did "not receive[] any approvals from [the City] regarding the plans to use the [property] for a maintenance and vehicle repair yard," the City "never reviewed the proposed land use instituted by [the District], and [the City] never approved or otherwise made any decision regarding said land use."

## II.

### APPELLANTS HAVE NOT STATED A
### CAUSE OF ACTION FOR PUBLIC NUISANCE

Appellants claim the City is liable for public nuisance because the City can "require compliance with ordinances and permits" and "can prohibit activities such as [the vehicle maintenance and repair facility.]" Again, we disagree.

To state a cause of action for public nuisance against the City, Appellants' complaint must demonstrate a "'connecting element' or a 'causative link' between the [City's] conduct and the threatened harm." (*Citizens for Odor Nuisance Abatement v. City of San Diego* (2017) 8 Cal.App.5th 350, 359.) They have not done so.

Appellants' contention that the City is liable because it has the power to enforce its laws, and thereby abate the nuisance, is without legal basis. To the contrary, the City, as a public entity, is "not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." (Gov. Code, § 818.2; *Carr v. City of Newport Beach* (2023) 94

4

Cal.App.5th 1199, 1208 [city immune from liability for failure to warn plaintiff that the city prohibited diving into shallow bay waters].)

Alternatively, Appellants claim the City played a "substantial role in [the creation of the] public nuisance . . . . " They base this on their allegations that the City and the District reached a "general consensus" to work together on a "'Facilities Maintenance Plan.'" It is not clear from the complaint what the "'Facilities Maintenance Plan'" refers to. Either way, as discussed, Appellants' allegations demonstrate the District created and maintained the alleged nuisance without approval or participation from the City.

### III.

### APPELLANTS FORFEIT CLAIM THAT COURT
### ERRED IN NOT GRANTING LEAVE TO AMEND

In their statement of the case and issues, Appellants assert the trial court should have given them leave to amend their complaint. However, they did not develop the argument with citations to the record nor with support from pertinent legal authority. We are "not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.) Appellants have forfeited their claim the court erred in not granting leave to amend.

## DISPOSITION

The judgment is affirmed. The City to recover its costs incurred on appeal.


SANCHEZ, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


GOODING, J.

6